# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 22-0280V**

| | |
|---|---|
| MANDY WHITE,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: October 20, 2026 |

*Laura Levenberg, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Madelyn Weeks, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On March 11, 2022, Mandy White filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine she received on November 17, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 10, 2026, a ruling on entitlement was issued, finding Petitioner entitled to compensation. On October 20, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $97,500.00, for her pain and suffering, and $8,924.96 to satisfy the State of Utah Medicaid lien. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

**A. A lump sum payment of $97,500.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner, Mandy White; and**

**B. A lump sum payment of $8,924.96, representing compensation for satisfaction of the State of Utah Medicaid lien, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to:**

**Office of Recovery Services**
**Bureau of Medical Collections**
**P.O. Box 45025**
**Salt Lake City, UT 84145.**

These amounts represent compensation for all damages that would be available under Section 15(a). The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| MANDY WHITE,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 22-280V<br>Chief Special Master Corcoran<br>ECF |

**PROFFER ON AWARD OF COMPENSATION**[1]

On March 11, 2022, Mandy White ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she sustained a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza ("flu") vaccine she received on November 17, 2020. *See* Petition at 1.

On February 10, 2026, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation for a SIRVA Table injury.[2] ECF No. 31.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

[2] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's February 10, 2026 entitlement ruling.

## I. Items of Compensation

Based on the evidence of record, respondent proffers that petitioner should be awarded the following:

### A. Pain and Suffering

Respondent proffers that petitioner should be awarded **$97,500.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

### B. Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of Utah Medicaid lien in the amount of **$8,924.96**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Utah may have against any individual as a result of any Medicaid payments the State of Utah has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about November 17, 2020, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award/Recommended Payments

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following: [3]

A. A lump sum payment of **$97,500.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Mandy White; and

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

B. A lump sum payment of **$8,924.96**, representing compensation for satisfaction of the State of Utah Medicaid lien, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to:

Office of Recovery Services
Bureau of Medical Collections
P.O. Box 45025
Salt Lake City, UT 84145

Petitioner is a competent adult. Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

s/ MADELYN E. WEEKS
MADELYN E. WEEKS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 451-7312
madelyn.e.weeks@usdoj.gov

Dated: October 20, 2026

**CERTIFICATE OF SERVICE**

I certify that today, October 20, 2026, a copy of the foregoing pleading will be served by electronic mail to Laura Levenberg at laura@mullerbrazil.com and erik@mullerbrazil.com.

s/ MADELYN E. WEEKS
MADELYN E. WEEKS